IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE BERNARD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-1482 |
| | ) | |
| SUPERVALU, INC., a Delaware | ) | |
| Corporation d/b/a Jewel-Osco; | ) | Magistrate Judge |
| Defendant. | ) | Arlander Keys |
| ) | | |
| | ) | |

**Memorandum Opinion and Order**

Currently before the Court is Defendant's motion for summary judgment [dkt #33] in a slip and fall case. Plaintiff Katherine Bernard, a customer of Defendant Jewel-Osco grocery store, sued Jewel-Osco for negligence, claiming that it created a hazard, and did not remedy it, which caused her to fall and resulted in injury. Jewel-Osco argues that the undisputed facts fall within the natural accumulation rule, and thus summary judgment should be granted in its favor. For the reasons set forth below, Defendant's motion is granted.

**Procedural History**

On March 2, 2012, Plaintiff filed a two-count complaint against Supervalu d/b/a Jewel-Osco ("Jewel-Osco") and New Albertson's, Inc., alleging negligence. Plaintiff has voluntarily dismissed her claim as to New Albertson's, Inc. [dkt #14]. Supervalu has answered Plaintiff's Complaint and pled affirmative

1

defenses, including comparative negligence and the natural accumulation rule. [dkt #10]. Defendant Jewel-Osco now moves this Court to enter an order granting summary judgment in its favor, arguing that the natural accumulation rule precludes Plaintiff from recovering because "the water upon which Ms. Bernard fell was introduced onto the premises due to rainy conditions present at the time." (S.J. Reply at p. 1). The instant motion is dispositive in nature as to the remaining claim against Jewel-Osco. The parties have consented to proceed before this Court pursuant to 28 U.S.C. § 636(c)(1). [dkt #16].

**Factual Background**

The facts underlying the summary judgment proceeding are drawn from the parties' Local Rule 56.1 submissions. [dkt #34, 41, 43]. Each paragraph of the Local Rule 56.1 submissions must refer to the "affidavits, parts of the record, and other supporting materials" that substantiate the asserted facts. Local Rule 56.1(a)(3); *F.T.C. v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633 (7th Cir.2005). Most of the facts in this case are agreed to and undisputed. It is noted when the parties disagree.

On June 8, 2010, Ms. Bernard was injured at the Jewel-Osco store in Westmont, Illinois. (Defendant's Local Rule 56.1 Filing ("Def. St."), ¶ 1). It was raining at the time of Ms. Bernard's injury. (*Id.* at ¶ 5). Employees of the Jewel-Osco placed mats and cones in the entranceway of the store on days that it rains.

(Plaintiff's Local Rule 56.1 Add'l Facts ("Pl. Add'l. St."), ¶ 1). Employees of the Jewel-Osco store gathered shopping carts and corralled them inside the store's vestibule and to the left for use by store customers. (Def. St. at ¶ 6). The shopping carts were not dried of excess water by Jewel-Osco employees when they were brought into the store. (*Id.* at ¶ 8). Jewel-Osco had in place a procedure to mop up the water dripping off the carts that its employees brought inside from outside in the rain. (Plaintiff's Response to Defendant's Local Rule 56.1 Filing ("Pl. Resp"), ¶ 9). The water by the carts had not been mopped up at the time of the occurrence. (*Id.*) Ms. Bernard fell on water that was on the floor in the area where the shopping carts were parked. (Defendant's Response to Plaintiff's Local Rule 56.1 Add'l Facts ("Def. Rsp."), ¶ 4).

Prior to her injury, Ms. Bernard was dropped off at the front door of the Jewel-Osco store by her caregiver, Ms. Cynthia Toler. (Def. St. at ¶ 12). Ms. Bernard was wearing a walking boot on her left foot and ankle, which had sustained a prior injury. (*Id.* at ¶ 13). Ms. Bernard entered the store vestibule, where customers can obtain a shopping cart and gain access to the Jewel-Osco store. (*Id.* at ¶ 14). Ms. Bernard walked in the door and to the left to obtain a shopping cart. (*Id.* at ¶ 15). She walked between twelve and fifteen feet past the threshold of the entryway door towards the shopping carts to her left. (*Id.* at ¶

3

16). The carts were positioned in the area where customers would typically come in to get a shopping cart. (*Id.* at ¶ 17). Ms. Bernard fell prior to making contact with or obtaining a cart. (*Id.* at ¶ 18). Plaintiff was not looking at the ground at the time, but instead was focused upon looking for a shopping cart. (*Id.* at ¶ 19).

Ms. Bernard did not observe any water on the floor of the store in question before she sustained her injury. (*Id.* at ¶ 20). Ms. Bernard slipped on water from rain and fell forward onto her knees. (*Id.* at ¶ 21). As she was on the floor, she noticed that water was dripping from the shopping carts onto the floor. (*Id.* at ¶ 22). Ms. Bernard's caregiver, Ms. Toler, observed a puddle of water in the area where Ms. Bernard fell, and she assumed that it was from the carts. (*Id.* at ¶ 23). Ms. Bernard acknowledges that she fell in a regular customer traffic area to get to the shopping carts. (*Id.* at ¶ 25). Ms. Bernard purportedly sustained a torn ligament in her left knee as a result of her fall. (*Id.* at ¶ 26).

The parties agree that Ms. Bernard fell on rain water that was on the floor in the area where the shopping carts were parked, within the front entrance of Jewel-Osco. However, they disagree as to where the water she slipped on originated from. (Def. St. at ¶ 30). Ms. Bernard does not agree with Jewel-Osco's assertion that the water was "tracked in" by customers,

4

employees, or the wheels of the shopping carts. (Plaintiff's Response to Defendant's Local Rule 56.1 Filing ("Pl. Resp."), ¶ 10). Instead, she states, that when the wet carts are brought inside by Jewel-Osco's employees, "water would drip off of them and onto the floor," and that she slipped in this water. (Pl. Resp. at ¶ 10). Ms. Bernard argues that there is an ample amount of evidence which shows the water that caused her to fall was not tracked in on the wheels of the carts nor by foot. (Pl. Resp. at ¶ 30).

**Analysis**

At the summary judgment stage, the facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Pro. 56(c); *Scott v. Harris*, 550 U.S. 372, 380 (2007). Once the moving party has made a properly supported motion for summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

5

there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Natural Accumulation Rule

Jewel-Osco argues that the natural accumulation rule applies in this case. Under the natural accumulation rule, a principle of Illinois common law, a landowner or possessor of real property has no duty to remove natural accumulations of ice, snow, or water from its property. *Krywin v. Chicago Transit Authority*, 238 Ill.2d 215, 222 (2010); *Reed v. Galaxy Holdings*, *Inc.*, 394 Ill.App.3d 39, 43 (1st Dist.2009). This includes "tracks or residue left by customers who have walked through natural accumulations of water, slush, or snow." *Pytlewski v. United States*, 991 F.Supp. 1043, 1047 (N.D.Ill.1998) (collecting cases).

Under Illinois law, in cases involving injuries resulting from accumulations of ice, snow or water, "in order to withstand a motion for summary judgment, a plaintiff must come forward with sufficient evidentiary materials to permit the trier of fact to find that defendant was responsible for an unnatural accumulation of water, ice or snow that caused plaintiff's injuries." *Bloom v. Bistro Restaurant Ltd. Partnership*, 304 Ill.App.3d 707, 710 (1st Dist. 1999). Where, as here, the nonmoving party will bear the burden of proof at trial on a dispositive issue, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by

6

her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Jewel-Osco argues that, since the water that Ms. Bernard slipped on was a natural accumulation, it had no duty under Illinois law to ensure its removal or to warn Plaintiff as to its presence. And as Ms. Bernard's claims against Jewel-Osco are that of negligence, Plaintiff's inability to demonstrate any duty owed should result in the granting of summary judgment on behalf of Jewel-Osco.

Plaintiff responds that the water she slipped on was an unnatural accumulation and so the natural accumulation rule does not apply. While a landowner is not liable for injuries resulting from natural accumulations of ice and snow, it may be liable for unnatural or artificial accumulations or where the owner aggravates a natural condition. *Bernard v. Sears, Roebuck & Co.*, 166 Ill.App.3d 533, 535 (1st Dist. 1988). In order to withstand a motion for summary judgment, plaintiff must establish that an unnatural accumulation of ice and snow existed, and that defendant was responsible for the condition. *Id.* Ms. Bernard argues that, since the water she slipped on was not tracked in by customers, employees, or the wheels of the cart, but was more likely the result of the dripping rain off the carts brought in

7

by the Jewel-Osco employees, the accumulation of water was created by Jewel-Osco and unnatural. Defendant argues that there is no evidence in the record to support Ms. Bernard's theory, and nothing creating a genuine issue of material fact.

In support of her position that the accumulation in this case was caused by Jewel-Osco and does not fall under the natural accumulation rule, Plaintiff cites *Johnson v. Sears, Roebuck & Co.*, 542 N.E.2d 841, 843 (1st Dist. 1989). In *Johnson*, plaintiff slipped in the entranceway of defendant's store on a mixture of water tracked in by customers and a bag of garden soil which defendant had stacked near the entrance. The Court in *Johnson* found that the plaintiff had met her burden to withstand a motion for summary judgment by offering an affidavit offered by the plaintiff stating that an open bag of garden soil had spread across the sidewalk and created a layer of mud in the area where plaintiff fell.

Ms. Bernard did testify that she observed water dripping off of the shopping carts, and her belief that it was that particular source of water that caused her fall. Pl. Dep. Tr. at p. 47: 15-22. In addition, Ms. Bernard's caregiver testified that she thought the water on the floor was from the shopping carts as "it was by the shopping carts, and they were all wet." Cindy Toler Dep. Tr. at p. 22: 4-12.

8

In response to Ms. Bernard's argument that the water she slipped on was not "tracked in," but entered the building on the carts brought in by Jewel-Osco employees, Defendant argues that even so, the water is still considered a natural accumulation. In *Choi v. Commonwealth Edison Co.*, 217 Ill.App.3d 952 (1st Dist. 1991), the plaintiff was an employee of an independent contractor engaged by the defendant landowner. The plaintiff was carrying ice covered pipes, which had been stored outside, into defendant's building. He was injured when he slipped on a puddle of water which accumulated after the ice and snow on the pipes melted. The Court in *Choi* rejected plaintiff's argument that defendant's acts, storing the pipes outdoors and then requiring that they be brought directly indoors without deicing them, precluded the application of the general rule that a landowner is not liable for injuries resulting from "tracked-in" water. In ruling, the Court found that the puddles which resulted from transporting the ice-covered pipes were a "continuation of a natural accumulation" and that plaintiff would have had to "make an affirmative showing of an unnatural accumulation or an aggravation of a natural condition" to establish a duty. *Choi*, 217 Ill.App.3d at 957. The *Choi* Court specifically rejected an argument similar to Ms. Bernard's argument that the rule of non-liability was limited to the instances of water "tracked-in" by pedestrian traffic. *Choi*, 217 Ill.App.3d at 956-57. Rather, the

9

Court in *Choi* looked at the defendant's conduct to see whether defendant created an unnatural accumulation or aggravated a natural condition.

Under the natural accumulation rule, Jewel-Osco's duty did not extend to taking precautions against water tracked in from a natural accumulation outside. To establish a duty, plaintiff must make an affirmative showing of an unnatural accumulation or an aggravation of a natural accumulation. Ms. Bernard made no such showing in this case. The water Ms. Bernard slipped on, if it originated on the carts as she argues, was a continuation of a natural accumulation. There is no evidence that Jewel-Osco aggravated this condition. Ms. Bernard has not shown that there is a genuine issue of material fact.

<u>Voluntary Undertaking Exception</u>

Plaintiff also argues that "even if Defendant did not create the hazard, it is still liable because it undertook a duty to remedy it." (S.J. Response, p. 11). Although there is no duty to remove natural accumulations of water, ice, or snow, a voluntary undertaking may subject a defendant to liability if it is performed negligently. *Tzakis v. Dominick's Finer Foods, Inc.*, 356 Ill.App.3d 740, 746 (1st Dist. 2005). Plaintiff argues that, since Jewel-Osco had a procedure of mopping up water on rainy days in the area that Ms. Bernard fell, and because the employees did not mop up the water falling from the carts that day, Jewel-

Osco was negligent in performing its voluntary undertaking of removing a natural accumulation.

In response to this argument, Jewel-Osco argues that the Court in *Pytlewski v. U.S.*, 991 F. Supp. 1043 (N.D. Ill. 1998) makes clear that the voluntary undertaking argument is limited and does not apply to cases such as this. In *Pytlewski*, the plaintiff made a similar argument that the defendant voluntarily undertook a duty to mop up natural accumulations, because it had a policy in place to do so. The Court in *Pytlewski* squarely rejected the argument, reasoning that if a policy of mopping up naturally accumulated water led to a duty to do so, "such a finding would also create a new exception to Illinois' natural accumulation rule, an exception which has the potential to swallow the rule almost whole. It is not this court's role to create such a broad exception." *Pytlewski*, 991 F. Supp. at 1050. Therefore, as in *Pytlewski*, the Court rejects Ms. Bernard's argument that the policy of mopping up and not doing so qualifies as a voluntary undertaking negligently performed.

"Under a voluntary undertaking theory, to establish proximate cause of the injury, the cause-in-fact component requires a showing that a plaintiff relied on the defendant's conduct." *Mann v. Producer's Chemical Co.,* 356 Ill.App.3d 967, 973 (1st Dist. 2005). Ms. Bernard has not presented evidence that she relied on Jewel-Osco's supposed voluntary undertaking to

11

continuously mop the floor, a necessary element where a plaintiff attempts to employ the voluntary undertaking theory. Accordingly, Plaintiff's voluntary undertaking argument fails and Jewel-Osco is entitled to summary judgment.

**Conclusion**

Defendant Jewel-Osco's motion for summary judgment is granted.

Date: November 14, 2013         E N T E R E D:

*Arlander Keys*

---------------------------------
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT